### WILLIAMSON et al. v. AMERICAN BANK et al.

(Circuit Court, D. South Carolina. May 23, 1901.)

NATIONAL BANKS—VOLUNTARY LIQUIDATION—ENFORCING LIABILITY OF STOCKHOLDERS.

The only authorized procedure for enforcing the individual liability of the shareholders of a national bank which has gone into voluntary liquidation is by a bill in equity in the nature of a creditors' bill, brought by a creditor "on behalf of himself and of all other creditors of the association against the shareholders thereof in any court of equity for the district in which such association may have been located or established," as provided by Act June 30, 1876 (19 Stat. 63); the purpose of the statute being to create a fund to be applied with and in aid of the assets of the bank in all cases of voluntary, as of involuntary, liquidation, through a general creditors' suit in a court of equity, having power to enforce the liability equally and ratably as between the shareholders, and to determine the extent to which, and those for whose benefit, it shall be enforced. A trustee appointed by the shareholders to conduct the business of liquidation has no authority to enforce such liability, nor can a suit for that purpose be maintained in any district other than that in which the bank is located.

In Equity. On demurrer to bill.

M. F. Ansel, for complainants.

Haynsworth, Parker & Patterson, for defendants.

BRAWLEY, District Judge. The demurrer rests upon several grounds which seem meritorious, but, that which raises the question of jurisdiction being held to be decisive, it alone need be considered.

The bill, filed by Williamson, trustee of the National Bank of Asheville, N. C., and the Battery Park Bank, against the American Bank and W. L. Gassaway, as cashier, alleges, inter alia, that the National Bank of Asheville was a body corporate under what is known as the "National Banking Act," and, it having become financially embarrassed and desiring to discontinue business, its stockholders, at meetings duly convened, resolved to close up its business and go into voluntary liquidation under the provisions of the statutes of the United States in such cases made and provided. All the property, effects, assets, and resources of said bank were assigned to the plaintiff Williamson in trust to secure certain loans to said bank and other liabilities, with full power to said trustee to collect all debts and liabilities due to said bank, and to convert its assets into cash, and to pay the same to its creditors. It further alleged that the said national bank, when engaged in a general banking business, became indebted to the Battery Park Bank, a corporation organized under the laws of the state of North Carolina, in the sum of $10,000, and that the balance due on said indebtedness was something over $6,000; that the National Bank of Asheville was insolvent and unable to pay its debts, and that the creditors were entitled to have enforced against the shareholders the individual liability provided by the statutes of the United States; that the American Bank of Greenville, S. C., was a stockholder in said National Bank of Asheville, owning 200 shares, of the par value of $25 each, standing in the name of W. L. Gassaway, cashier of said bank; and that said shareholder was liable to the creditors of said national bank in the sum of $5,000. The prayer of the bill was that the aforesaid shareholder be ordered and decreed to pay to the plaintiff the Battery Park Bank the amount due to said bank, with interest, and to pay to such other creditors as may become parties to the bill such sums as may be found due to such creditors, or to pay to said Williamson said amount as trustee for such creditors.

By the original national banking act (section 5151, Rev. St.), it is declared that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares." Section 5220 of the Revised Statutes provides that "any association may go into liquidation and be closed by a vote of its shareholders owning two-thirds of its stock." Section 5234, Rev. St., provides that the comptroller of the currency, in cases of default therein mentioned, may appoint a receiver, who shall take possession of all the assets of the association, collect all debts, and, if necessary, pay the debts of such association and enforce the individual liability of stockholders; and in Kennedy v. Gibson, 8 Wall. 499, 19 L. Ed. 476, upon a bill filed by a receiver against the stockholders, it was held that creditors must seek their remedy through the comptroller in the mode prescribed by the statute; that they could not proceed directly in their own name against the stockholders or debtors of the bank; that action on the part of the comptroller was indispensable whenever the

personal liability of the stockholder was sought to be enforced, and must precede the institution of suit by the receiver; and that fact must be definitely averred in all such cases. No provision was contained in the original act specifying what course could be taken, in case of voluntary liquidation, to enforce the individual liability of the shareholders. This omission was supplied by the act of June 30, 1876 (19 Stat. 63), the first section of which provides for the appointment of a receiver by the comptroller, as provided in section 5234, "whenever any national bank shall be dissolved," etc., which receiver shall proceed to close up such association and enforce the personal liability of the shareholders. Section 2 provides as follows:

"That whenever any national banking association shall have gone into liquidation under the provisions of section 5220, the individual liability of the shareholders provided by section 5151, may be enforced by any creditor of such association by bill in equity in the nature of a creditor's bill, brought by such creditor on behalf of himself and of all other creditors of the association against the shareholders thereof, in any court of equity for the district in which such association may have been located or established."

The act of June 30, 1876, has been frequently amended in other sections, but it does not appear that section 2 has ever been altered or amended. The responsibility of shareholders is not an ordinary contractual liability flowing from the acquisition of the shares, but a liability arising by force of the statute. The statute does not make the stockholders liable to creditors, but they are liable for contracts, debts, and engagements of the bank. Under the original act, it was for the comptroller to decide when it was necessary to institute proceedings, and whether the whole or a part, and, if only a part, how much, should be collected. Those questions were referred to his judgment and discretion, and his determination was conclusive; and, as before stated, the supreme court held in Kennedy v. Gibson that action on his part was indispensable. While this liability is not strictly an asset of the bank, and could not be enforced for its benefit as a corporation, yet the intention of congress, as manifested by the act of June 30, 1876, was evidently to treat it as a means of creating a fund to be applied with and in aid of the assets of the bank in all cases of voluntary, as of involuntary, liquidation. The only qualification of the liability of the stockholder was that he should be responsible equably and ratably. Any proceeding, therefore, to enforce this liability by means of a creditors' bill, should be such as would enable the court, through the methods and machinery of a court of equity, to ascertain for what the shareholders ought to be made liable, to whom, and in what proportion, as respects each other; and the act of June 30, 1876, which provides the remedy, requires that this creditors' bill should be brought "in any court of the United States having original jurisdiction in equity for the district in which said association may have been located or established." The statute does not give to the trustee or any other representative of the stockholders of a national bank in voluntary liquidation any authority to enforce this liability. Such trustee is only the agent of the stockholders for the purpose of liquidating the affairs of the bank. The right of the creditors to enforce this liability in proceedings inde-

pendent of the comptroller being conferred by statute, it can only be exercised in conformity with its provisions; and, as the law requires such creditors' bill to be brought in the district where the bank was located, it follows that the court in this district is without juris-diction to entertain it. The demurrer is sustained, and the bill dismissed.