<em>Judgment affirmed.</em>

James P. Monahan, Administrator, Appellant, v. Metropolitan Life Insurance Company, Appellee.

Gen. No. 17,405.

1. INSURANCE—*effect of incontestable clause.* Where the insured dies within two years of the date of the policy, a clause providing that after two years the policy shall be incontestable except for nonpayment of premiums as stipulated or for fraud does not become operative, though notice and proof of death is presented in ample time for the company to make its election to rescind the policy for alleged breach of warranties before the expiration of the two years, since the rights and obligations of the parties under the policy become fixed by the death of the insured.

2. INSURANCE—*incontestable clause.* The reasonable construction of a clause in an insurance policy providing that after two years the policy shall be noncontestable except for nonpayment of premiums as stipulated or for fraud is that, after the policy shall have been in force two years, or if the insured shall survive two years after the date of the policy, it shall be noncontestable.

3. INSURANCE—*when defendant must produce application.* In an action on an insurance policy, where the defendant relies on the falsity of representations or breach of warranties that appear only in the application, which is a part of the contract of insurance, it is incumbent on defendant to produce the application and introduce it in evidence or satisfactorily to account for its nonproduction and to introduce a proven copy.

4. INSURANCE—*presumption as to possession of original application.* The original application for an insurance policy, which is made a part of the contract, is presumed to be in the possession of the company.

5. INSURANCE—*proof of application.* Where defendant in an action on an insurance policy relies upon the falsity of representations or breach of warranties which appear in the application only, he must allege and prove such representations or warranties and their falsity or breach.

6. INSURANCE—*when question as to breach of warranty for jury.* Where the evidence is in conflict as to the character of the ailment, if any, with which it is claimed the insured was afflicted within two years of the date of an application for a policy, which application is part of the contract and warrants that the insured had not been under the care of a physician within two years, that question and whether the insured was in good health at the time of the application as warranted is for the jury, unless the uncontradicted credible evidence establishes breach of some other warranty or warranties which bars recovery.

7. INSURANCE—*warranty against other insurance.* Breach of a warranty in an application for insurance that the insured has no other insurance except a policy mentioned is not established, when there is no evidence that the initial premium on another policy bearing date prior to such application was paid and that the policy was delivered to the insured prior to the date of the application in question as required by the policy to make it operative, though such other policy was in force at the death of the insured and there is testimony that it was "issued" from the office of the company before such application was made.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed May 21, 1913. Rehearing denied June 9, 1913.

SAMUEL B. KING and JULE F. BROWER, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee; CARL J. APPELL, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted January 23, 1906, in the Superior Court by appellant against appellee to recover upon a policy of life insurance for $3,000, issued to appellant's intestate, Patrick H. Fay, on December 12, 1903. At the close of all the evidence the court instructed the jury to return a verdict finding the

issues for appellee, and upon such verdict judgment was entered against appellant in bar of his action and for costs.

The declaration upon the policy is in the usual form and alleges that the insured died October 19, 1905, and that appellant was, on October 28, 1905, duly appointed administrator of his estate. To this declaration appellee filed the general issue and twenty special pleas. In said special pleas appellant set up several provisions of the policy and of the application, which was made a part of the contract of insurance, and averred as grounds of forfeiture that the insured was not in good health, but was of unsound health when the policy was delivered; that his answers to questions in said application, which answers were warranted to be true, were untrue in several enumerated particulars, including the following: That he had not been under the care of any physician within two years next prior to the making of said application; and that he had no other insurance than the policy in the declaration mentioned, except in the Royal League for $4,000. To said special pleas appellant filed two special replications. The first special replication avers that it is provided in the policy that "after two years this policy shall be noncontestable except for the non-payment of premiums as stipulated, or for fraud;" that the policy is dated December 12, 1903, and was delivered to the insured about that date; that appellee had notice within two years after the date of the policy of the death of the insured and of the fact that appellant claimed that appellee was liable on said policy by reason of the terms thereof, payment of premiums, and presentation of notice and proofs of death on or about October 28, 1905; that although the period between the date appellee received such notice and the date of the expiration of two years from the date of the policy was ample time for appellee to make its election to rescind the policy for supposed breach of warranty in said pleas set forth, yet appellee gave ap-

pellant no notice within said two years that it intended to rescind or contest said policy, and appellee is, therefore, barred from claiming that the insured made or committed a breach of any or either of the supposed warranties. The second special replication further avers that appellant was duly appointed administrator of the estate of the insured on October 31, 1905; that although appellee had ample time between the date when it had notice of said claim and from the date of appellant's appointment as such administrator and the expiration of two years from the date and delivery of said policy, to contest the same for the supposed breaches of warranty averred in said pleas, yet appellee did not contest said policy within two years after the date and delivery thereof, etc. To these two special replications appellee interposed a general demurrer, which was sustained by the court and appellant elected to abide by his said replications.

The demurrer to the replications was properly sustained. The rights and obligations of the parties under the policy became fixed by the death of the insured. *John Hancock Mut. Life Ins. Co. v. Schlink*, 175 Ill. 284. As the insured died within two years after the date of the policy, the incontestable clause which provides that "after two years this policy shall be noncontestable except for the non-payment of premiums as stipulated, or for fraud," did not become operative. The only reasonable construction of which this clause is susceptible, is that after the policy shall have been in force two years, or if the insured shall survive two years after the date of the policy, it shall be noncontestable, etc. *Kelley v. Mutual Life Ins. Co.*, 109 Fed. 36. While the judgment of the District Court in this case was reversed by the Circuit Court of Appeals in 114 Fed. 268, the conclusion of the District Court upon the question here involved was not adverted to or disturbed; but the judgment of the Appellate tribunal was necessarily predicated upon a holding that the incontestable clause was not operative. The apparent

holding to the contrary in *Prudential Ins. Co. v. Lear,* 31 App. Cas. D. C. 184, was not necessary to the decision of that case and does not accord with our view of the proper construction of the clause in question.

A copy of the application which was signed by the insured was embodied in the policy and made a part thereof. When appellant offered the policy in evidence the copy of the application was covered up and excepted from the offer. Appellee objected to the introduction of the policy as offered and insisted that appellant was bound to offer the entire document, and the court sustained such objection, and thereupon appellant offered in evidence the policy, together with the copy of the application.

Whatever the rule may be in other jurisdictions, it must be regarded as settled in this state that it is not incumbent upon the plaintiff in an action on a policy of insurance to either allege or prove such matters as appear in the application only, but that it is incumbent upon the defendant who relies upon the falsity of representations or the breach of warranties, as a defense to such action, to allege and prove such representations or warranties and their falsity or breach. *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.

The original application was presumably in the possession of appellee and it was incumbent upon it to produce such original application, or to satisfactorily account for its non-production, and to introduce the original application or a proven copy of the same in evidence.

By the express terms of the policy the application therefor was made a part of the contract of insurance, and the language employed in the application makes the statements and answers by the insured therein contained warranties and not representations merely, and we do not understand that appellant contends to the contrary.

Among other alleged breaches of warranty relied upon by appellee were those relating to the 4th, 6th

and 12th statements made by the insured in his application, as follows:

"4. I am now in sound health. * * * ."

"6. I have not been under the care of any physician within two years, unless as stated in previous line, except"

"12. I have no other insurance on my life, except in the following named companies and for the following amounts. And by the word 'Company' I mean any company, association, society, or order granting life insurance.

Royal League $4,000."

The preliminary application bears date November 27, 1903, and the final application upon which the policy appears to have been issued bears date November 30, 1903.

There is a conflict in the evidence as to the precise character of the ailment, if any, with which it is claimed the insured was occasionally afflicted within a period of two years prior to the date of the final application, and this question, in so far as it was material, together with the question, whether or not the insured was in good health at the date of said application, should have been submitted to the jury, unless the uncontradicted, credible evidence in the case established a breach of any other warranty or warranties, whereby a recovery upon the policy was barred.

Dr. Gideon O. Barber, a physician, called as a witness by appellee, testified that he treated the insured professionally in August, October and November, 1902, and in May, 1903. The many apparently contradictory statements made by this witness tended to depreciate the probative value of his entire testimony and the credit to be given to his testimony was primarily a question for the jury.

For the purpose of showing the untruthfulness of the 12th statement made by the insured relative to other insurance on his life, appellee offered in evidence a policy of insurance for $3,000 on the life of the insured issued by the Fidelity Mutual Life Ins. Co.,

bearing date September 30, 1903, and the offer of the proof was objected to, because it was not accompanied by evidence tending to show that the initial premium on said policy had actually been paid and said policy had been delivered to the insured prior to the date of the application in question, as is required by the terms of said policy in order to make it operative and binding.

It was conceded by appellant that the policy offered in evidence was in force at the death of the insured; that suit had been instituted against said company to recover the amount of said policy; and that on January 31, 1910, appellant had received the amount of said policy.

That the policy offered in evidence was dated September 30, 1903, and was in force at the death of the insured on October 19, 1905, did not conclusively establish the fact that it was an operative and binding contract on September 30, 1903.

Appellee attempted to show that said policy became an operative and binding contract on September 30, 1903, by the testimony of a witness that it was "issued" on that date from the office of the company in Philadelphia, but this was not sufficient. Such proof alone, if it tended to show anything, tended to show that the policy was not then delivered to the insured in Chicago.

The facts upon that issue are, doubtless, susceptible of being established by competent and sufficient evidence, and if and when it is so established that the policy of the Fidelity Mutual Life Insurance Company upon the life of the insured was an operative and binding contract on September 30, 1903, a breach of warranty by the insured in respect to the policy here involved will have been shown and a recovery thereon thereby precluded.

Upon the proof, as made, the peremptory instruction was improperly given to the jury and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*