CHICAGO—FIRST DISTRICT—APRIL, 1916.     449

Kleinschrodt v. John Hancock Mut. Life Ins. Co., 198 Ill. App. 449.

## Anna Kleinschrodt, Defendant in Error, v. John Hancock Mutual Life Insurance Company, Plaintiff in Error.

### Gen. No. 21,700.

INSURANCE, — *when provision of policy limiting the amount of total insurance recoverable on life of child valid.* A provision in a life insurance policy limiting the right of recovery on all policies on the life of a child to a specified sum, presumably only enough to adequately cover expenses of the last illness and burial, *held* valid so as to prevent recovery on such a policy where the beneficiaries had already recovered on other policies a sum equal to the amount limited by the policy.

Error to the Municipal Court of Chicago; the Hon. ARTHUR J. GRAY, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed April 10, 1916.

CHARLES H. BURRAS, for plaintiff in error.

LITZINGER, McGURN & REID, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff was the beneficiary named in a policy for $125 issued by the defendant upon the life of Violet English, a child fifteen years of age. Plaintiff was no kin of the insured. Upon trial the court gave plaintiff judgment for $125.

This judgment cannot stand. The policy was issued May 8, 1912, and the insured died the following year. The policy contained a specific provision that the total amount of insurance on the life of the insured, issued upon the application of any other person than the insured, including this policy, and in all other companies and societies, should not under any circumstances exceed $520. In the ''table of ages'' the limit

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

450 APPELLATE COURTS OF ILLINOIS.

Kleinschrodt v. John Hancock Mut. Life Ins. Co., 198 Ill. App. 449.

of insurance was placed at $520; and continuing said policy of insurance further provides:

"If other policies of insurance in this or other companies and societies are in force at the time of death, the amount payable under this policy shall not be greater than the excess of the amount specified in above table, under age at death, over the total amount payable under all other policies by whomsoever issued.

"Should the amount otherwise payable hereunder be reduced through operation of the preceding clause, the Company will refund a proportionate part of the premiums paid hereunder, and if for the same reason, there should be no amount payable hereunder the Company will refund the full amount of premiums paid."

It was shown by the evidence that on October 16, 1911, the Prudential Insurance Company of America issued its policy of insurance on the life of said Violet English in the sum of $375, in which Anna Kleinschrodt, plaintiff herein, was named beneficiary, and that after the death of said insured the amount of this policy, namely $375, was paid to Anna Kleinschrodt, and that she is the same person who is claiming under the policy in the present case.

It was also shown that on December 13, 1911, this same defendant company, John Hancock Mutual Life Insurance Company, issued another policy on the life of Violet English for the sum of $336, and that said Anna Kleinschrodt was the beneficiary in said policy, although the beneficiary in that policy was subsequently changed to Helena Starr; that the John Hancock Mutual Life Insurance Company paid to Helena Starr upon its prior policy the sum of $145, so that there has been paid upon these two policies the total sum of $520, which is the limit of insurance permitted to be carried upon the insured's life. Under the provisions of the instant policy no more insurance can be collected.

No good reason appears for not enforcing this provision to limit the amount of insurance; rather reason

and judgment support a policy that tends to curb excessive insurance on the life of children. We discern no reason for such insurance to an amount more than is necessary for expenses during the last illness and for burial.

For the reasons above indicated we are of the opinion that there can be no recovery, and the judgment is reversed and judgment of *nil capiat* will be entered in this court.

*Judgment reversed and judgment here.*