(No. 11639.—Judgment affirmed.)

JAMES P. MONAHAN, Admr., Defendant in Error, *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 9, 1918.*

1. INSURANCE—*usual purpose of incontestable clauses in insurance policies.* Incontestable provisions in insurance policies are valid as creating a short statute of limitations in favor of the insured, the purpose of such provisions being to fix a limited time within which the insurer must ascertain.the truth of the representations made in the policy.

2. SAME—*incontestable clause of policy construed as to duty of insurer.* Under an incontestable clause in an insurance policy providing that "after two years this policy shall be non-contestable except for the non-payment of premiums as stipulated or for fraud," the insurer must assert its claim for a breach of warranty within the two-year period whether the insured survives that period or not, either by affirmative action or by defense to a suit brought on the policy by the beneficiary within the two years.

3. SAME—*ambiguous language in policy is construed in favor of insured.* Uncertain or ambiguous language in an insurance policy is to be construed in favor of the insured and most strongly against the insurer.

4. SAME—*all rights and obligations of parties are not fixed at death of insured.* Some of the rights and obligations of the parties to a contract of insurance necessarily become fixed upon the death of the insured, but the beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations are not determined as of the date of the death of the insured.

5. SAME—*incontestable clause in a policy inures to benefit of beneficiary after death of insured.* An incontestable clause in an insurance policy inures to the benefit of the beneficiary after the death of the insured as much as it inures to the benefit of the insured during his lifetime.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM F. COOPER, Judge, presiding.

HOYNE, O'CONNOR & IRWIN, (JOHN O'CONNOR, of counsel,) for plaintiff in error.

KING, BROWER & HURLBUT, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Metropolitan Life Insurance Company, plaintiff in error, issued a policy of insurance on the life of Patrick H. Fay for the sum of $3000, payable upon his death to his legal representatives, the policy being dated December 12, 1903. The date upon which the application for the policy was made is in dispute. Fay died intestate October 19, 1905. On October 31, 1905, James P. Monahan was appointed administrator of Fay's estate. The required proof of death was made, and plaintiff in error having failed to pay the amount of the policy, the administrator, defendant in error here, brought this suit against it in the superior court of Cook county January 23, 1906. The cause was tried and resulted in a verdict in favor of defendant in error. This verdict was set aside and a new trial granted. On the second trial the court directed a verdict for plaintiff in error. The judgment rendered on this verdict was reversed on appeal to the Appellate Court and the cause was remanded to the superior court. (*Monahan* v. *Metropolitan Life Ins. Co.* 180 Ill. App. 390.) A third trial resulted in a judgment for defendant in error for the full amount of the policy and interest. This judgment was affirmed by the Appellate Court for the First District, and the record has been brought up for review by writ of *certiorari*.

A number of errors have been assigned and argued by plaintiff in error. Defendant in error has assigned cross-errors, and in the view we take a determination of one of the cross-errors is decisive and it will be unnecessary to note or pass upon the errors assigned.

A copy of the application of Fay was expressly made a part of the contract. In the application Fay made certain

express warranties, among them being that at that time he was in sound health, that he had no other insurance on his life except $4000 in the Royal League, and that the last time he had been attended by a physician was in 1902, when he had been treated by Dr. Tiben for indigestion. Plaintiff in error defended upon the ground that there was a breach of these warranties which rendered the policy void. The policy contained, among others, a provision that "after two years this policy shall be non-contestable except for the non-payment of premiums as stipulated or for fraud." Plaintiff in error did not defend upon the ground that the policy had been procured by fraud. It did not allege or prove fraud, but relied solely upon its contention that there had been a breach of the warranties contained in the application. To plaintiff in error's plea of breaches of warranty defendant in error filed replications setting forth the incontestable clause of the policy, and alleging that although the policy was dated December 12, 1903, and within two years after that date plaintiff in error had notice of the death of Fay and of the fact that defendant in error claimed that plaintiff in error was indebted to him in the sum of $3000 by reason of the making and delivery of the policy and the payments of the premiums and presentation of the proofs of death, and although defendant in error was appointed administrator of the estate of Patrick H. Fay on October 31, 1905, plaintiff in error did not, within two years from the date of the policy, contest the same. The court sustained demurrers to these replications. The uncontradicted proof establishes the facts set out in these replications, and at the close of plaintiff in error's case defendant in error moved the court to instruct the jury to find the issues in his favor. This motion was based upon the ground that the defense interposed was barred by the provisions of the incontestable clause. This motion was denied. In the Appellate Court defendant in error assigned cross-error upon

the action of the court in denying this motion, and the same cross-error has been assigned in this court.

It will be noted that the incontestable clause contained in this policy is not the one usually found in policies of companies which make a substantial contract not to contest after a specified period. In the first place, this clause specifies that the policy shall be incontestable after two years except for fraud. This exception is unusual in clauses of this kind and withholds from the insured a large measure of the protection he would secure had the clause been inserted without this exception, as is customarily done by insurance companies which issue what is known as incontestable policies of insurance. By the clause under consideration the insurance company says to the insured that it will hold him to the strict letter of his warranty for a period of two years, and if any of the statements warranted are false, however innocently made, the policy shall be void if contested within two years, and that after two years it reserves the right at any time to contest on the ground that the policy had been procured by fraud. As this policy was issued before the passage of the act regulating conditions and provisions of life insurance policies, the question whether a different rule of construction applies where a statute requires the insertion of specific language in a policy is not presented.

Plaintiff in error insists that the clear meaning of this clause is that the policy shall not become incontestable until it has been in force for two years. In support of its contention that the two years must have elapsed during the lifetime of the insured before the clause becomes effective as a bar, plaintiff in error cites and relies upon cases where the policies provided that they should be incontestable after they had been in continuous force for the specified time. In passing upon the validity of incontestable clauses in policies of insurance the courts have defined their purpose, and when this purpose as so judicially determined is considered

it aids in the construction of the language used in an incontestable clause. Incontestable provisions in insurance policies have been held valid as creating a short statute of limitations in favor of the insured, the purpose of such provisions being to fix a limited time within which the insurer must ascertain the truth of the representations made. (*Royal Circle* v. *Achterrath,* 204 Ill. 549; *Flanigan* v. *Federal Life Ins. Co.* 231 id. 399; *Weil* v. *Federal Life Ins. Co.* 264 id. 425.) This being the purpose for fixing a specified time after which the policy shall be incontestable, it is not apparent, as plaintiff in error suggests, that the meaning of the clause here involved is that the policy shall not become incontestable until it has been in force for two years. There is nothing in this clause to indicate that the parties were contracting that plaintiff in error should have two years during the lifetime of Fay in which to investigate and determine whether false statements had been made in the application for the insurance. Plaintiff in error reserves two years' time in which to make such investigation and to determine whether there has been such a breach of warranty as would authorize it to rescind its contract. This clause can be construed as insisted upon by plaintiff in error only by reading into it that which is not there. This provision of the policy is in the language chosen by plaintiff in error and constitutes a part of the contract which it entered into with Fay. The well established rule is that the language of an insurance policy, when uncertain or ambiguous, is to be construed in favor of the insured and most strongly against the insurer. *Union Mutual Accident Ass'n* v. *Frohard,* 134 Ill. 228; *Terwilliger* v. *Masonic Accident Ass'n,* 197 id. 9; *Royal Circle* v. *Achterrath, supra; Switchmen's Union* v. *Colehouse,* 227 Ill. 561; *Monahan* v. *Fidelity Life Ins. Co.* 242 id. 488.

Plaintiff in error cites *John Hancock Life Ins. Co.* v. *Schlink,* 175 Ill. 284, in support of its proposition that the rights of the parties under a contract of insurance become

fixed at the time of the death of the insured.   The decision
in that case has no bearing whatever upon the point raised
here.   Some of the rights and obligations of the parties to
a contract of insurance necessarily become fixed upon the
death of the insured.   The beneficiary has an interest in the
contract, and as between the insurer and the beneficiary all
the rights and obligations of the parties are not determined
as of the date of the death of the insured.   The incontest-
able clause in a policy of insurance inures to the benefit of
the beneficiary after the death of the insured as much as it
inures to the benefit of the insured himself during his life-
time.   The rights of the parties under such an incontestable
clause as the one contained in this contract do not become
fixed at the date of the death of the insured.   In case of a
breach of warranty under this particular clause the insurer
must assert its claim within the two-year period, whether
the insured survives that period or not, either by affirmative
action or by defense to a suit brought on the policy by the
beneficiary within the two years.

It is suggested that the construction contended for by
defendant in error might work a hardship upon the insurer
where policies are made payable to the legal representative
of the insured, as in this case, as, where knowledge of a
breach of warranty is acquired after the death of the in-
sured, so short a time might elapse between the date of
death of the insured and the termination of the two-year
period that it would be impossible to secure the appointment
of a legal representative, and the insurer would be helpless
to effect a rescission or cancellation of the contract should
it desire to do so.   Such a situation does not exist in this
case.   The administrator of the estate of Fay was appointed
in apt time and before the expiration of the two-year period.
Plaintiff in error had ample time, if it desired to do so, to
take such action as it should see fit for the cancellation of
the policy upon the ground that the representations made by
Fay in his warranties were false.   It cannot complain if

by reason of its own language inserted in the contract it has created a situation which in some instances might make it more difficult for it to assert and maintain its rights.

The trial court erred in not directing a verdict for defendant in error. While the judgment of affirmance of the Appellate Court was upon different grounds than those stated in this opinion, it is correct and is therefore affirmed.

*Judgment affirmed.*