## Sam Julius, Plaintiff in Error, v. Metropolitan Life Insurance Company, Defendant in Error.

## Gen. No. 26,142.

1.  INSURANCE, § 140*—*what is meant by other insurance.* A rider in a life insurance policy, providing that payments under "all other policies" by whomsoever issued should be deducted from the amount payable under the present policy .has application only to other policies of the same general character, i. e., life policies.

2.  INSURANCE, § 86*—*what is distinction between life and accident policies.* There is a clear mark of distinction between life and accident policies according to the well-understood meaning of the words used to designate these policies; and while an accident policy is ordinarily payable in case of death by accident, that does not make it a life insurance policy.

3.  INSURANCE, § 120*—*how policies are construed.* Where the terms of·a life insurance policy are ambiguous, the construction must be adverse to the insurer and most favorable to the insured. .

4.  INSURANCE, § 106*—*when policy is not invalid.* A provision in a policy on the life of a minor, grading the benefits in accordance with the age of the minor, reaching its maximum when he attains his majority, does not contravene section 208, ch. 73, Rev. St. (J. & A. ¶ 6514), providing that policies at maturity cannot be settled for less than the amount insured on the face of the policy.

5.  INSURANCE, § 106*—*validity of provision limiting amount of insurance on life of minor.* A provision in a policy on the life of a minor limiting the amount of insurance will be enforced, it being in accordance with the sound policy that tends to curb excessive insurance on the life of children.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1920. Reversed and judgment here. Opinion filed January 10, 1921.

LEBOSKY & LEVINE, for plaintiff in error; WILLIAM LEVINE, of counsel.

HOYNE & O'CONNOR, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Holdom delivered the opinion of the court.

This cause was adjudicated under the following stipulation of facts:

"(1)    That on or about March 30, 1915, for valuable consideration the defendant issued and delivered to one Isadore N. Julius of the City of Chicago, County of Cook and State of Illinois, at said City, County and State, a certain policy of insurance upon the life of said Isadore N. Julius, a copy of which is hereto attached, marked Exhibit 'A' and made a part thereof.

"(2)    That on the 14th day of July, A. D. 1918, the said Isadore N. Julius, while riding in an automobile truck was accidentally killed, directly and independently of all other causes, by external, violent and accidental means, as a result of said truck being struck by a train while crossing the tracks of the Chicago, North Shore & Milwaukee Electric Railroad Company.

"(3)    That at the time of his death there was in force and effect, in addition to the policy issued by the defendant as aforesaid, a certain policy issued by the Chicago Bonding & Insurance Company, insuring him (the said Isadore N. Julius) against death resulting only directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means if such death result from such bodily injuries within ninety days from such accident.

"(4)    That after his death there was paid to the plaintiff by the said Chicago Bonding & Insurance Company upon its said policy the sum of six hundred ($600) dollars.

"(5)    That the said insured was twenty (20) years of age on his birthday next preceding the date of his death, having been born on October 1, 1897.

"(6)    That at the time of the death of said insured there was an unpaid balance due on the said policy of the defendant for premiums for the then current policy year, amounting to twenty-one and 51/100 ($21.51) dollars.

"(7) That if the defendant's contention as to the law applicable to the above facts be sustained, the net total payable under the said policy of the defendant is four hundred twenty-five and 80/100 ($425.80) dollars; that if the plaintiff's contention as to the law applicable to the above facts be sustained, the amount owing by the defendant upon the said policy is nine hundred seventy-eight and 49/100 ($978.49) dollars, if it should be held that the rider attached to the policy and headed 'Limitation of Death Benefit' is invalid, and nine hundred eight and forty-nine one hundredths ($908.49) dollars if it should be held that the said rider is valid, but does not apply to such an accident policy as was upon the life of the said Isadore N. Julius at the time of his death as aforesaid."

On a trial before the court there was a finding and judgment for plaintiff of $425.80, and plaintiff seeks by this appeal a judgment for the maximum amount set out in the stipulation.

The policy in suit was an insurance policy on the life of the plaintiff's son, Isadore N. Julius, for $1,000, payable either at the death of the insured or after the payment of twenty annual premiums. There was a limitation in the policy of "Death Benefit," ranging from $930 if 20 years of age on birthday preceding death to $240 if 9 years of age preceding death. This part of the policy is called a "rider" and the following provision is found therein:

"If other policies of insurance, in this or other companies, are in force at time of death, then the amount payable under this policy shall not exceed the amount specified in the foregoing table, corresponding to the age of the insured at the time of death, less the total amount payable under all other policies by whomsoever issued."

It is also provided that there shall be deducted from the amount due any indebtedness of the insured to the company.

The insured met his death in an accident after his twentieth birthday. He had a policy against accidents,

under which $600 was paid. It is contended that under the terms of defendant's policy it was entitled to credit for this $600 payment, and on this theory the judgment of the trial court was based.

We are constrained to hold that such theory was erroneous; that other policies of insurance in the "rider" mentioned meant by construction other policies of the same general character as that of defendant—in other words, life policies. While an accident policy is ordinarily payable in case of death by accident, that does not make it a life insurance policy. Such policies are generally payable at other times for accidents happening to the insured while the policy is in force. We think there is a clear mark of distinction between life and accident policies; that to hold there is not would be contrary to the well-understood meaning of the words used to designate the different kinds of insurance policies. *Metropolitan Life Ins. Co. v. Insurance Commissioner,* 208 Mass. 386; *National Life & Accident Ins. Co. v. Lokey,* 166 Ala. 174.

If it may be said that the language used was ambiguous, so as to make it doubtful as to whether accident insurance was intended to be included, then the construction must be adverse to defendant and most favorable to the insured. *Traders' Mut. Life Ins. Co. v. Humphrey,* 109 Ill. App. 246.

In *Miller v. Grand Lodge Brotherhood of Railroad Trainmen,* 206 Ill. App. 241, the court said: "It is a fundamental law of construction of insurance contracts in this State that all such uncertainties should be resolved in favor of the assured." *Dunlap v. Brotherhood of Railroad Trainmen,* 206 Ill. App. 209.

In *Monahan v. Metropolitan Life Ins. Co.,* 283 Ill. 136, the court said: "The well-established rule is that the language of an insurance policy, when uncertain or ambiguous, is to be construed in favor of the insured and most strongly against the insurer."

*Higgins v. Midland Casualty Co.,* 281 Ill. 431.

Plaintiff insists that under section 208v, ch. 73, Rev. St. (J. & A. ¶ 6514), the limitation of death benefits on the so-called rider is invalid. This section provides that "No policy of life insurance shall be issued or delivered in this State or be issued by a life insurance company organized under the laws of this State, if it contain any of the following provisions:   *   *   *

"3. A provision, · that in event of the maturity of any policy after the expiration of the contestable period thereof, for any mode of settlement at maturity of less value, according to the company's published rates therefor then in use, than the amount insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on or secured by the policy and less any premium that may, by the terms of the policy, be deducted."

We are not referred to any construction of this statute by our Supreme Court nor are we aware of any; it is therefore a matter of first impression with us. We do not think that the policy as a whole, including the so-called rider, in any way contravenes this statute. The policy was on the life of a minor, and the amount of the benefit was graded in accordance with the age of the minor, reaching its maximum when he attained his majority. The rider was a part of the policy and formed the contract of insurance and its plain terms cannot be departed from. As was said in *Kleinschrodt v. John Hancock Mut. Life Ins. Co.,* 198 Ill. App. 449: "No good reason appears for not enforcing this provision to limit the amount of insurance; rather reason and judgment support a policy that tends to curb excessive insurance on the life of children."

For the reasons above indicated the judgment of the municipal court is reversed and a judgment entered here in favor of plaintiff and against defendant in the sum of $908.49.

*Reversed and judgment here for $908.49.*

DEVER and McSURELY, JJ., concur.