**AMERICAN NAT. INS. CO. v. CRYSTAL.**
(No. 1231.)

(Court of Civil Appeals of Texas. Beaumont. April 22, 1925.)

**Insurance ⬅136(4)—Life policy held never in effect, where insured was not in sound health at time of application.**

Insured not being in sound health at time of application as stated therein, life policy, providing that no obligation was assumed by insurer unless insured was in sound health on such date, never became effective.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by Lottie Crystal against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Kennerly, Williams, Lee & Hill, of Houston, for appellant.

Byers & Cavanagh, of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, Lottie Crystal, in one of the justice's courts of Harris county against the appellant, American National Insurance Company, on a policy of life insurance issued by appellant on the life of one Virgil Robinson, who was a brother of appellee, for the principal sum of $112, appellee being named as the beneficiary in the policy. The policy was issued and delivered on February 20, 1922, and Robinson died on October 14, of the same year. Appellant answered by general and special exceptions, general denial, and specially pleaded, among other things, that, at the time of the issuance and delivery of the policy to Robinson, as well as at the time he made his application for such policy, he, Robinson, was not in sound health, as he warranted in his application for the policy, and that according to the terms of the policy and the representations and warranties made in the application therefor, the policy never took effect nor became a binding contract, because of the fact that Robinson was not in sound health when the policy was issued and delivered to him. Appellee, as plaintiff in the justice's court, recovered judgment on the policy for the principal sum of $112, with accrued interest, and also for an attorney's fee of $25, as prayed. The insurance company appealed from that judgment to one of the county courts at law of Harris county, where, upon trial, judgment was rendered for appellee for the same amount she had recovered in the justice's court, and the insurance company, from the latter judgment, has prosecuted this appeal.

In the policy sued upon by appellee, and upon the provisions of which alone she based her case, there is this provision:

"In consideration of the payment in advance of the premium mentioned in the schedule below on or before each Monday during the continuance of this contract doth hereby agree, subject to the agreements and conditions below and on the reverse hereof, each of which is hereby made part of this contract and contracted by the assured to be part hereof as fully as if herein recited, to pay * * * the amount stipulated in said schedule; provided, however, that no obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health.

"Seventh. This policy is issued upon an application which omits the warranty usually contained in applications, and contains the entire agreement between the company and the insured and the holder and owner hereof. * * * Its terms cannot be changed or conditions varied, except by a written agreement, signed by the president or secretary. Therefore agents (which term includes superintendents and assistant superintendents) are not author-

ized and have no power to make, alter, or discharge contracts, waive forfeitures, * * *"

There was no pleading by appellee of waiver or estoppel, even if either could have been invoked by her under the terms of this policy, but, as stated above, her suit was based squarely upon the written contract itself. The case was tried with a jury, and was submitted upon special issues, in answer to which the jury found that Virgil Robinson, the insured, was not in sound health at the time of the delivery of the policy to him, and second, that the company's local agent, who took his application and delivered him the policy, knew that Robinson was not in sound health when the policy was delivered to him.

It is appellant's contention, in substance, that the jury's answer to the first question settles this case against appellee, and that the finding of the jury to the second question is wholly immaterial, but that if material, it must be disregarded because there was no pleading and no evidence to support it.

The facts show that Robinson made his application for the policy in question on February 6, 1922; that he stated in the application that he was in good health at that time, and had not suffered from any illness or disease during the three years next prior to that date, and he warranted his statements to be true. He further stated and agreed in his application for the policy that, unless he was in sound health when the policy was delivered to him, it should not become effective as a contract of insurance, "any agreement of any agent to the contrary notwithstanding." The facts further show without dispute that Virgil Robinson, at the time he made the application and at the time the policy was issued and delivered to him, knew that he was not in sound health, and that his statements to the contrary were wholly untrue. The facts further show that appellant's local agent, to whom the application was made and by whom the policy was delivered, did not know that Robinson was not in sound health at the time he made his application or at the time the policy was delivered to him. In fact, the record shows without dispute that the appellee, Robinson's own sister, and his intimate friends did not know of his unsound health at the time he procured the policy of insurance. The disease from which Robinson was suffering at the time of the application and at the time of the delivery of the policy to him was that of perineal fistula, which is a serious disease of the bladder and private organs, and which itself was caused by a disease known as syphilis. The record shows without dispute that on February 16, 1922, a physician had performed an operation on Robinson for the serious and loathsome disease from which he was then suffering. This will suffice as a statement of the facts for the disposition of this case.

Now, appellant advances this proposition, which we sustain because, as we conceive, it is supported by the authorities of this state:

"The application of Virgil Robinson and the policy of insurance dated and delivered to him on February 20, 1922, provide that no obligation is assumed by the company prior to the date thereof, nor unless the insured is alive and in sound health on that date, and the jury having found upon competent evidence that the insured was not in sound health on that date, the policy never became effective as a contract of insurance." Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 326; Federal Life Ins. Co. v. Wright (Tex. Civ. App.) 230 S. W. 795; American National Ins. Co. v. Anderson (Tex. Civ. App.) 179 S. W. 67; Judd v. Lubbock Mutual Aid Ass'n (Tex. Civ. App.) 269 S. W. 284.

There is no reason for discussing this case at greater length. The judgment must be reversed and here rendered in favor of appellant, which has been our order.