### AMERICAN NAT. INS. CO. v. WELSH et al. (No. 625.)

Court of Civil Appeals of Texas. Waco.
Feb. 23, 1928.

Rehearing Denied March 22, 1928.

1. **Insurance** ⟜400—**Insurance company cannot make incontestable clause of policy more onerous than statute provides (Rev. St. 1925, art. 4732).**

Insurance company cannot place a more onerous incontestable clause in a policy than that provided by Rev. St. 1925, art. 4732.

2. **Insurance** ⟜400—**Failure of insurance company to institute court proceedings within two years from date of policy made policy incontestable, though insured died and payment was refused within two-year period (Rev. St. 1925, art. 4732).**

Failure of insurance company to bring proceedings in court contesting policy within two years from date thereof, as required by incontestable clause, under Rev. St. 1925, art. 4732, *held* to bar contest of policy though insured died within two-year period and company refused within that period to pay the claim, since time does not cease to run against incontestable clause on death of insured and court proceedings are necessary.

3. **Insurance** ⟜400—**Defense under provision of life policy that no obligation was assumed unless insured was in sound health held subject to incontestable clause (Rev. St. 1925, art. 4732).**

Provision in policy that no obligation was assumed by insurance company unless on date of policy insured was in sound health *held* not to afford ground of defense of life policy after expiration of two years, since such provision was covered by incontestable clause, under Rev. St. 1925, art. 4732.

4. **Insurance** ⟜400—**Incontestable clause of policy applies to any conditions which exist when policy was issued (Rev. St. 1925, art. 4732).**

Life insurance policy becomes incontestable by reason of any condition which existed when policy was issued after time named in policy for a contest has lapsed, under Rev. St. 1925, art. 4732, on theory that company must ascertain facts vitiating contract and institute proceedings to cancel within time allowed.

Appeal from Dallas County Court; Wm. M. Cramer, Judge.

Suit by James Adolph Welsh and others against the American National Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

BAROUS, J. [1] On March 24, 1924, appellant issued a policy of insurance on the life of Katherine Welsh for the sum of $500. Among other provisions, it contained the following:

"Provided, however, that no obligation is assumed unless on the date hereof the assured is alive and in sound health."

And the further provisions:

"Subject to correction of age as above provided, and provided premiums have been duly paid, this policy shall be incontestable for the amount due after having been in force two years during the lifetime of the assured."

All premiums were paid to January 25, 1925. The insured, Katherine Welsh, died on August 13, 1924. Proof of death was promptly filed and appellant refused to pay the policy, denying liability thereon, and within ninety days after the death of the insured, which was well within the two-year period from the date of the policy, tendered to the beneficiaries all premiums which had been paid thereon. On May 4, 1926, appellees, as beneficiaries under said policy, brought this suit to recover the face thereof, with the statutory penalty and attorney's fees. On January 22, 1927, appellant filed its original answer and denied liability on the ground that at the time of the issuance of the policy it did not take effect because the insured was not in sound health, for the reason that at said time she was suffering with tuberculosis, being in an advanced stage of said disease, from which she had been suffering for several years and from which she died. The trial court sustained special exceptions and struck out said defense, on the theory that appellant had waived same by having failed to bring a suit within two years after the issuance of the policy to cancel the same, holding, in effect, that under the two-year incontestable clause contained in article 4732 of the Revised Statutes 1925, appellant waived all defenses except for failure to pay the premiums, and that, in order for appellant to defeat recovery for any other reason, it was necessary for it to file a contest seeking a cancellation of the policy within said two-year period. The incontestable clause in the policy sued on differs in some respects from the one required by article 4732 of the Revised Statutes 1925. Our Supreme Court, however, has held that an insurance company cannot place a more

onerous incontestable clause in a policy than the one provided by the statutes. American National Insurance Co. v. Tabor, 111 Tex. 155, 230 S. W. 397.

[2] Appellant contends that the death of the insured within the contestable period fixed the rights and liabilities of the parties, and that, since the insured died within the period of two years, it stopped the running of limitation, and that it was not necessary for it to bring a proceeding in court in order to make a contest. Appellant further contends that its refusal to pay the claim within the two-year period amounted in law to a contest. We overrule these contentions. The overwhelming weight of authority is to the effect that time does not cease to run against the incontestable clause contained in an insurance policy simply because of the death of the insured, and that it is necessary for the insurance company to institute a court proceeding to cancel the policy of insurance within the two-year period provided in said policy in order to defeat same by reason of any fraud or misrepresentation that may have been practiced upon it by the insured at the time the policy was issued. Mutual Life Insurance Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 119 N. E. 68, L. R. A. 1918D, 1196; Missouri State Life Ins. Co. v. Cranford, 161 Ark. 602, 257 S. W. 66, 31 A. L. R. 93; Humpston v. State Mutual Life Assur. Co., 148 Tenn. 439, 256 S. W. 438, 31 A. L. R. 78. By an overwhelming weight of authority the rule seems to be well established that, to make a contest as contemplated and required by the provisions of an insurance policy, a proceeding in court must be instituted. Powell v. Mutual Life Ins. Co., 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239, and notes; Northwestern Mutual Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496 (certiorari denied by Supreme Court [263 U. S. 720, 44 S. Ct. 229, 68 L. Ed. 524]); Chun Ngit Ngan v. Prudential Insurance Co. (C. C. A.) 9 F.(2d) 340.

[3, 4] Appellant further contends that no liability attached because of the provision in the policy that no obligation was assumed by it unless on the date the policy was issued the insured was in sound health. The policy on its face was a valid, binding contract, and our courts have in two well-considered cases held, in effect, that, in order for an insurance company to defeat liability by reason of misrepresentations on the part of the insured with reference to condition of health at the time the policy was issued, a proceeding must be instituted within the two-year incontestable clause contained in the policy. American Nat. Insurance Co. v. Briggs (Tex. Civ. App.) 156 S. W. 909 (error refused); Southern Union Life Ins. Co. v. White (Tex. Civ. App.)

188 S. W. 266 (error refused). It seems to be the law that a life insurance policy becomes incontestable by reason of any conditions which existed when the policy was issued after the time named in the policy for a contest has elapsed, the theory of the law being that an insurance company is given the time named in the policy, not to exceed a two-year period, in which to ascertain any facts which would vitiate the contract of insurance and institute proceedings to cancel the same by reason thereof.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.