## RESERVE LOAN LIFE INS. CO. OF TEXAS v. BROWN.

### No. 11086.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1942.

Rehearing Denied March 4, 1942.

Seabury, Taylor & Wagner, of Brownsville, and R. L. Daniel, of Dallas, for appellant.

Kent & Brown, of Harlingen, for appellee.

SMITH, Chief Justice.

This action was brought against Reserve Loan Life Insurance Company of Texas by Edward L. Brown, the designated beneficiary, to recover upon a policy issued by the Company upon the life of Bessie Alice Brown, now deceased.

The Insurance Company defended on the ground that the policy never became a binding contract because of stipulations in the application therefor, and in the policy itself, that it should not take effect unless the applicant was in good health at the time of its delivery to her and at the time the first premium was paid. Since the case went off on demurrer, it must be assumed that at the times stipulated the applicant was seriously ill with cancer, which was the sole cause of her death less than two years later.

The trial court sustained special exceptions, having the effect of a general demurrer, to allegations setting up such defense. The insurer declined to amend, and the trial proceeded, resulting in judgment for Brown, as prayed for. The Insurance Company has appealed.

The policy sued on was a "non-medical" policy; that is, it was issued without medical examination of the applicant, and upon her representations that she was in good health, and in consideration of the stipulation that it would not take effect unless the applicant was in fact in good health at the time of its delivery and the payment of the first premium.

The Insurance Company did not initiate a contest of the policy or payment thereof until more than two years after its delivery to the insured. The policy embraced the usual clause required by statute, prohibiting contest thereof after two years from date of its delivery, and apparently the demurrer to appellant's answer was based upon that clause, which was given controlling effect below.

■ Validity of stipulations in life insurance policies such as in this case, that the contract of insurance shall not take effect unless delivered while the insured is in good health, has been upheld in many cases in this as well as in other jurisdictions, upon the theory that such stipulations are conditions precedent to the taking effect of the policy. American Nat. Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294, and authorities there cited; Great Nat. Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602; Wright v. Federal Ins. Co., Tex.Com.App., 248 S.W. 325; Hughes v. American Nat. Ins. Co., Tex.Civ.App., 146 S.W.2d 470; Morris Ass'n, v. Tatum, Tex. Civ.App., 152 S.W.2d 871; American Nat. Ins. Co. v. Crystal, Tex.Civ.App., 272 S.W. 262.

It being conceded that appellant did not set up said defense of the suit until more than two years after delivery of the policy and payment of the first premium thereon, the question remains, Was such defense available to appellant after the expiration of the two-year period? The applicable statute provides: "3. That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums; * * *." Art. 4732, Subd. 3, R.S.1925.

In its third proposition appellant contends that as the stipulation in question provides an admittedly valid condition precedent to the taking effect of the policy as a binding contract between the parties, and that condition did not occur, there was never any contract. Wherefore, appellant contends Subdivision 3 of Art. 4732, providing that a policy of insurance shall not be contestable after two years, has no application. And appellant's fourth proposition is as follows:

"If it be conceded that the incontestable clause in Article 4732, Subd. 3, Revised Civil Statutes, 1925, and a similar provision in the policy would preclude the appellant, two years after the effective date of the policy, from asserting that the policy in question never became effective as a contract, appellant does not contest the policy within the meaning of the incontestable clause when it resists payment on the ground that the loss for which the claim is made was an excepted risk and not within the coverage of the policy or within the risk assumed by the insurer, where the insured was, at the time the policy was delivered and the first premium paid, seriously ill with a cancerous tumor that subsequently caused her death and no other cause contributed thereto, and the policy provided that it should not take effect unless the insured was in good health when the policy was delivered and the first premium paid, as the coverage assumed by the insurer was thus limited so as to exclude death resulting from causes that arose before the policy was issued."

The question presented has been variously decided, directly or by obvious implication, in numerous jurisdictions, so that it rests in considerable confusion. 29 Am. Jur. p. 674, § 881, and authorities there cited.

■ But in no Texas case has it been directly decided in support of appellant's contention, whereas, the apparent weight of authority in other jurisdictions, and in Texas as well, is that in the face of an incontestable provision such as ours no contest of a claim upon a life insurance policy may be instituted after two years upon the ground that it did not take effect because of the failure of a stipulated condition precedent that it would not become effective unless the insured was in good health at the time the policy was delivered. 29 Am.Jur. p. 675, § 881; American Nat. Ins. Co. v. Welsh, Tex.Civ.App., 3 S.W.2d 946; Id., Tex.Com.App., 22 S.W.2d 1063; Reliable Life Ins. Co. v. Wyatt, Tex.Civ.App., 154 S.W.2d 288. The general rule is succinctly stated in 29 Am.Jur. p. 675: "* * * where life insurance policies are, by their terms, incontestable after a specified period, no contest can be made after that time on the ground of ill health or physical disability when the policy was issued, even though the policy provides that it shall not take effect unless the insured is in good health when the policy is issued or delivered."

■ After exhaustive consideration, we are constrained to follow the authorities cited above, in the absence of any Texas case holding directly to the contrary.

The judgment is affirmed.