## NATIONAL LIFE UNDERWRITERS v. WILLIAMS.

### No. 2550.

Court of Civil Appeals of Texas. Eastland.

Sept. 27, 1946.

Rehearing Denied Oct. 25, 1946.

Hassell & Hassell, of Dallas, and Carl M. Anderson, of Sweetwater, for appellant.

Owen D. Barker, of Galveston, for appellee.

GRISSOM, Chief Justice.

Lorine Williams, the beneficiary named in a fraternal insurance certificate issued to J. D. Williams, upon his death, filed suit against National Life Underwriters to recover on said policy. Upon a jury verdict judgment was rendered for Lorine Williams and the insurance company has appealed.

Appellant contends, and we shall assume, that it is not within the class of insurance companies required by statute to include an incontestable clause in its policy. Appellant further contends that the indisputed evidence shows that the insured was not in good health when the policy was issued; that false statements with reference to insured's health were made in the application for the policy, and that appellant would not have issued the policy if it had not been misinformed by such statements. We shall assume such to be the facts. The defense was asserted more than two years after the policy was issued.

The policy contained a provision that in the event there was a material false statement in the application as to the health of J. D. Williams, or, if he was not in sound health when the policy was issued, it would be void and liability limited to refund of the premiums. The policy, in a separate paragraph, contained the following agreement:

"Incontestability:—If this Certificate has been in force continuously for a period of twenty-four months from date of issuance * * * it shall be incontestable except for the non-payment, within the grace period herein, of the payments herein required to maintain this Certificate in force."

The general rule is that after the period of contestability specified in the incontestable clause has expired the insurer is precluded from contesting the policy on any ground not specifically excepted in such clause. 45 C.J.S., Insurance, § 751(a), p. 768. "A defense based on the condition of the insured's health on the date of the issuance of the policy * * * is precluded after the policy has become incontestable." 45 C.J.S., Insurance, § 751(h), p. 775. Our Supreme Court in Kansas Life Insurance Co. v. First Bank of Truscott, 124 Tex. 409, 413, 78 S.W.2d 584, 586, said:

"The policy in substantially the language of the statute fixes the expiration of one year from its date as the time after which it may not be contested, except for non-payment of premiums, etc. This language of the statute and of the contract literally and plainly means that after the expiration of the period named there may be no contest of the right to recover on the contract,

except for non-payment of premiums or violation of the terms of the policy as to military or naval service in time of war. Fraud, of whatever nature, in procuring or inducing the execution of the contract is not named as a ground on which recovery may be contested. In other words, the statute and policy provide that after the expiration of the period prescribed there may be no contest at all of the validity or binding effect of the policy, with certain specified exceptions which may serve as reasons or grounds for contest, and fraud is not one of the exceptions."

The provision of the policy that it shall be incontestable after two years from its date except for non-payment of premiums, as a contractual provision and without reference to the statute mentioned, precludes a contest of the policy on the grounds asserted by appellant after expiration of two years. 29 Am.Jur. 674; Reserve Loan Life Ins. Co. of Texas v. Brown, 159 S.W.2d 179, 180 (writ ref.); 35 A.L.R. 1492.

All other questions are disposed of by the jury's adverse answers to issues of fact. The judgment is affirmed.