**Rejonah LEE, Appellant,**

v.

**UNIVERSAL LIFE INSURANCE COMPANY, Appellee.**

**No. 5.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 18, 1967.

Rehearing Denied Nov. 8, 1967.

Dent & Cashin, Galveston, and Herschel B. Cashin, LaMarque, for appellant.

W. J. Durham, Dallas, for appellee.

TUNKS, Chief Justice.

On May 27, 1963, appellee issued a life insurance policy in the face amount of $480.00 on the life of Clara Walker. Appellant, Rejonah Lee, was named beneficiary in such policy. So far as the record indicates, premiums were timely paid on the policy until Clara Walker's death on January 20, 1964.

The policy of insurance, so issued by appellee, contained the following two provisions which are relevant to this litigation:

"Preliminary provisions—no liability, except that return of all premiums paid hereon, is assumed by the company prior to 12:00 o'clock noon, Central Standard Time, of the date hereof, unless at said time and date, the proposed insured is alive and in sound health."

"Incontestability—this policy shall be incontestable after two full years from the date of issue, except for non-payment of premiums, and except as to provisions and conditions relating to total and permanent disability benefits."

At no time within two years from the date of the issuance of the policy did appellee institute any proceeding to cancel the policy or otherwise contest its liability for the face amount of the policy.

Appellant, beneficiary, did not file suit on the policy until the 24th day of June, 1965. Defendant's original answer was filed on the 19th day of July, 1965. In its said answer, appellee alleged that it was not liable for the amount of the policy because of the fact that the insured, Clara Walker, was not of sound health at the time of the issuance of the policy, that is to say, on May 27, 1963.

In response to special issues, the jury found that the reasonable fee for the services of plaintiff's attorneys, through the trial in the District Court, was $727.50; that the reasonable additional fee for the services of the plaintiff's attorneys in the event of an appeal to the Court of Civil Appeals would be $679.25; that a reasonable additional fee for the services of plaintiff's attorneys in the event of further proceedings in the Supreme Court would be $654.25, and that the insured, Clara Walker, was not a person of sound health on May 27, 1963, the date of the issuance of the policy in question.

After the jury's verdict was returned, both parties made motions for judgment. The plaintiff's motion is designated merely a "Plaintiff's Motion for Judgment." We think it, however, susceptible of construction as a motion to disregard the jury's finding concerning the state of the health of the insured as of the date of the issuance of the policy and for judgment in her favor on the rest of the verdict.

Appellee's motion in the court below was designated a motion for judgment non obstante veredicto. We think it, however, susceptible of construction as a motion to disregard the jury's findings concerning attorney's fees and to enter judgment in its behalf on the jury's finding concerning the state of the health of the insured as of the date of the issuance of the insurance policy.

The trial court sustained a motion of the appellee and rendered judgment that appellant, plaintiff below, take nothing. From that judgment, appeal has been perfected.

The appellant's two points of error are to the effect that the trial court erred in admitting evidence concerning the state of the health of the insured as of the date of the issuance of the policy, and to the effect that the trial court erred in overruling her motion for judgment and to disregard the jury's finding concerning the status of the health of the insured.

Obviously, if the position taken by the appellee in the court below be considered a contest within the terms of the above quoted incontestability clause set forth in the policy, and if that clause is to be given its literal effect, then the beneficiary was entitled to recover on the policy. The appellee contends, however, that its allegations concerning the ill health of the insured as of the date of the issuance of the policy, are not a "contest" of the policy within the terms of the clause; that the good health of the insured as of the date of the issuance of the policy was a condition precedent to the policy's becoming effective; that because of her ill health, that condition precedent was never met and that there is no policy to contest. It says, rather, that since the condition precedent to the effectiveness of the policy was not met, that the only contractual arrangement between the parties was one to the effect that the insurance company should repay the premiums paid by the insured; that, therefore, the position taken by it and its pleadings is consistent with the terms of the contract between the parties rather than a contest thereof.

It is true that in American National Insurance Company v. Lawson, 133 Tex. 146, 127 S.W.2d 294 (Tex.Commission of Appeals), it is held that a provision in an insurance policy in language quite similar to that above quoted as "preliminary provisions" set forth conditions precedent.

█ It is also held in Guardian Life Ins. Co. v. Galoostian, Tex.Civ.App., 155 S.W.2d 396, ref. w. o. m., that such a denial of the occurrence of the condition precedent as here made by appellee, is not a "contest" within the terms of the contestable clause required by Article 3.44, Sec. 3, V.A.T.S. Insurance Code. We are of the opinion, however, on the basis of the following authorities, that the great weight of authority in this state is to the effect that the defense asserted by the appellee in the court below constitutes a "contest" within the terms of such incontestable clause: National Life Underwriters v. Williams, Tex.Civ. App., 197 S.W.2d 487, err. ref.; Reserve Loan Life Ins. Co. of Texas v. Brown, Tex.Civ.App., 159 S.W.2d 179, err. ref.; Reliable Life Ins. Co. v. Wyatt, Tex.Civ. App., 154 S.W.2d 288, err. dism'd.

As of the date of the issuance of the policy here in question, Vernon's Annotated Texas Statutes, Insurance Code, Article 3.44, contains the following provisions:

"No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain provisions substantially as follows: * * * (3) That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

Effective 90 days after May 24, 1963, the above quoted language of Article 3.44, Section 3 of the Insurance Code was amended to read as follows:

"That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable after it has been in force during the lifetime of the insured for two (2) years from its date, except for non-payment of premiums, and which provisions may, at the option of the company, contain an exception for violation of the conditions of the policy relating to naval and military service in time of war. As amended Acts 1963, 58th Leg., p. 1307, ch. 498, § 1."

Appellee contends that the incontestable clause set forth in Section 3 of Article 3.44 of the Insurance Code is in the nature of a statute of limitations and that the amended incontestable clause which became effective in August, 1963, after the issuance of the policy here in question, should be given a retroactive effect so as to control a beneficiary's right to recover on that policy. If such a construction were given to the change in the statute, the contest asserted by appellee would not be barred because the policy was not in force during the lifetime of the insured for two years from its date.

■ If such construction were tenable, that is to say, if these statutes were to be construed as simply limitations statutes, and nothing else, the statute as amended in August, 1963, might well control suits maintained on policies issued prior to the date of the enactment of the statute. Limitation statutes are remedial, and the change of remedies available under contracts in existence does not necessarily violate the constitutional prohibition against the impairment of contractual rights. Voigt v. Gulf, W. T. & P. R. Co., 94 Tex. 357, 60 S.W. 658; Williams v. Reed, Tex.Civ.App., 160 S.W.2d 316, ref., w. o. m.; Wells v. Smith, Tex.Civ.App., 144 S.W.2d 430, err.

dism'd., judgm. con.; Farmers' Life Ins. Co. v. Wolters, 10 S.W.2d 698 (Tex.Com.App.).

The position taken by appellee would have been well taken if Section 3 of Article 3.44, as it read at the date of the issuance of the policy, had simply provided that no contest of the policy could be made more than two years after the date of the issuance and if Section 3 as amended had simply provided that no contest of the policy could be made after the policy had been in force during the lifetime of the insured for a period of two years. That, however, is not what Section 3 of Article 3.44 provided. That section provided that an agreement to the effect that no contest should be asserted after the statutory periods of time should be included within the contract itself. Therefore, we are not here concerned with a simple statute of limitations. We are concerned with a statute by which the legislature, in implementing the public policy, requires insurance companies to put incontestable clauses in their policies in accordance with statutory requirements, that is to say, a statute requiring certain contractual provisions to be included in insurance policies.

Article 1, Section 16 of the Constitution of the State of Texas, Vernon's Ann.St., provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

Article 1, Section 10 of the Constitution of the United States contains a similar prohibition against the State's enactment of a law impairing the obligation of contracts. We think that to construe the amendment of Section 3, Article 3.44 of the Insurance Code as changing the incontestability clause of the insurance policy here in question, would be in direct violation of those constitutional prohibitions.

The case of Farmers' Life Insurance Co. v. Wolters, supra, cited by appellee as authority for its proposition, involved a question as to whether or not an amendment

to a limitation statute, shortening the time within which a sale might be made under a deed of trust from ten to four years from the maturity of the debt secured, was constitutional.

The court held that the amendment of the limitation statute, under the circumstances of that particular case, was not in violation of the constitutional prohibition against the impairment of the obligations of contract. The court noted, however, that the parties themselves had not contracted as to the period of time within which a sale under the deed of trust could be made. The court said, "If the contract in controversy had stipulated that the holder should have ten years within which to have a sale, there would be a different question presented."

■ Retroactive statutes are generally regarded with disfavor by the courts of Texas. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320. This is true even when the statute does not violate any constitutional provision, unless it is plain that the legislature so intended. Government Personnel Mut. Life Ins. Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525; Galveston, H. & S. A. Ry. Co. v. Wurzbach, Tex.Civ.App., 189 S.W. 1006.

■ In the construction of an insurance policy it is the law in effect at the date of its issuance that is controlling. American Nat. Ins. Co. v. O'Dell, Tex.Civ.App., 232 S.W.2d 238, ref., n. r. e.; 12 Appleman, Insurance Law and Practice, Sec. 7041; 44 C.J.S. Insurance § 50, p. 502.

We therefore hold that the defense here asserted by the appellee, to the effect that it is not liable on its policy because the insured was in ill health at the date of the issuance of the policy, is a "contest" within the terms of the incontestability clause contained within the policy itself. We further hold that the issuance of the policy in question containing the quoted incontestability clause established a contractual relationship between the insured and the insurer, which contractual relationship was not changed by the subsequent amendment of Section 3 of Article 3.44 of the Insurance Code, by which amendment it was required that life insurance policies should contain an incontestable clause in different language. That amendment was not retroactive so as to change the contract between the parties here.

The jury's findings as to attorney's fees are not challenged by any cross assignments of appellee. Findings in the form made by the jury in the court below have been approved. Central States Life Insurance Co. v. Byrnes, Tex.Civ.App., 375 S.W.2d 330, ref., n. r. e.; Grimes v. Robitaille, Tex.Civ.App., 288 S.W.2d 211, err. ref., n. r. e.

The judgment of the trial court is reversed and judgment is here rendered that the appellant recover from appellee the face amount of the policy ($480.00) plus statutory penalty of 12% thereof in the amount of $57.60, together with interest on said items from the date of the insured's death (January 20, 1964) and that appellant further recover attorney's fees in the amount of $1.406.75, representing the attorney's fees for the trial in the District Court and the Court of Civil Appeals as found by the jury, together with interest on that sum at the rate of 6% per annum, and further, that appellant recover an additional sum of $654.25 as attorney's fees in the event of further proceedings in the Supreme Court of Texas.