Margaret D. SHELTON, Appellant,

v.

Thomas Henry RAY and Nationwide Mutual Insurance Company, Appellee.

No. 6738.

Court of Civil Appeals of Texas, El Paso.

July 12, 1978.

Peticolas, Luscombe, Stephens & Windle, Colbert N. Coldwell, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, Sam Sparks, El Paso, for appellee.

## OPINION

OSBORN, Justice.

The Appellant, Margaret Shelton, sustained personal injuries in an automobile accident on March 25, 1976, when the car in which she was a passenger was involved in a collision with a vehicle being driven by Thomas Henry Ray. Ray was apparently a permissive user of the vehicle and an omnibus insured under a policy issued by the Appellee, Nationwide Mutual Insurance Company. Suit was filed and service obtained on Ray on June 30, 1976. He did not notify the carrier of the suit and a default judgment was taken against him on August 3, 1976. Appellant's counsel waited thirty days and demanded payment of the judgment from Ray and the carrier. The carrier refused to pay because it was not notified of the suit as required by the policy provisions. Appellant filed this suit to collect the judgment from the carrier, or for a bill of review to set aside her default judgment against Ray so that the carrier could defend the suit in his behalf. The trial Court denied all relief. We affirm.

First, we consider the issue as to whether the carrier is obligated to pay the judgment against the omnibus insured. One of the "Conditions" of the policy is that "If claim is made or suit is brought against the Insured, he shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative." Persons insured include both the named insured and permissive users. The evidence establishes and the Court found that Ray did not forward the suit papers or process served on him to Nationwide, and it had no notice of the suit until receiving the demand letter after the judgment became final.

In similar fact situations, the Courts of this State have consistently held that the carrier has a valid policy defense and is not obligated to pay a judgment against an insured who failed to comply with policy provisions regarding forwarding of suit papers. *Members Mutual Insurance Company v. Cutaia,* 476 S.W.2d 278 (Tex.1972); *Klein v. Century Lloyds,* 154 Tex. 160, 275 S.W.2d 95 (1955); *New Amsterdam Casualty Co. v. Hamblen,* 144 Tex. 306, 190 S.W.2d 56 (1945).

In the opinion in *Cutaia,* the Court suggested that the State Board of Insurance or the Legislature provide that such a policy defense should only exist where prejudice resulted from the failure to forward suit papers. Four years later, the State Board of Insurance, on May 1, 1976, provided for an Amendatory Endorsement to all general liability policies issued in Texas to provide:

> "As respects bodily injury liability coverage and proper damage liability coverage, unless the company is prejudiced by the insured's failure to comply with the requirement, any provision of this policy requiring the insured to give notice of action, occurrence or loss, or requiring the insured to forward demands, notices, summons or other legal process, shall not bar liability under this policy."

The Appellant offered a copy of the endorsement and it was received into evidence without objection. The policy in this case was issued on 2–16–76, and the accident occurred on 3–25–76, and the endorsement was to be effective 5–1–76. There is no proof as to whether the Insurance Board intended for the endorsement to amend existing policies or to affect only policies issued after May 1, 1976. We conclude that this is immaterial because in the construction of an insurance policy, it is the law in effect at the date of its issuance that is controlling. *Lee v. Universal Life Insurance Company,* 420 S.W.2d 222 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); 12 Appleman Ins.L. & P., Sec. 7041 (1943). In addition, there has been no proper proof made of the endorsement. Only a copy and cover letter were offered in evidence. It was not certified as provided for

in Article 3722, Tex.Rev.Civ.Stat.Ann., and does not comply with Article 3731a, Sec. 4, Tex.Rev.Civ.Stat.Ann., so as to be admissible as an exception to the Hearsay Rule. Hearsay evidence, although admitted without objection, has no probative force and cannot support a judgment. *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959); *Members Mutual Insurance Company v. Randolph,* 477 S.W.2d 315 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.).

We conclude that Appellee, Nationwide, had a good policy defense, it is not liable for any part of the judgment entered against Ray, and Appellant's Point of Error No. 2 is overruled.

Appellant's first and third points contend that the trial Court erred in denying her bill of review. A bill of review is a procedure for a party against whom judgment has been entered to obtain equitable relief if certain requirements are met. These requirements and the basis for them are set forth in *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), where the Court said:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Garcia et al. v. Ramos et al.,* Tex.Civ.App., 208 S.W.2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealously, and the grounds on which interference will be allowed are narrow and restricted'; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. * * * "

That holding has been followed in more recent decisions. See *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Texas Machinery and Equipment Company v. Gordon Knox Oil and Exploration Company,* 442 S.W.2d 315 (Tex.1969).

The procedure for a bill of review was not meant to give relief to a party who obtained the very judgment which had been sought, and Appellant does not meet the requirement set forth in the *Hagedorn* case. Having decided to let the judgment become final before notifying Nationwide that a judgment had been entered, the Appellant is in no position to complain of the trial Court's failure to set that judgment aside. The question of whether any prejudice or harm would result, if a new trial was granted, is not an issue. Appellant's Points of Error Nos. 1 and 3 are overruled.

The last point asserts that the trial Court erred in rendering a take nothing judgment against Appellant because Appellee waived its right to defend on the merits. It is argued that Nationwide had only to consent to the granting of a new trial and it could have avoided any harm from the default judgment. Further, that had this happened, the case could have begun anew without prejudice to Ray or his carrier. This argument presents several problems. First of all, Nationwide was not a party to the default judgment, so how can it consent to the setting aside of a judgment in a case in which it was not a party? In the second place, a judgment has already been entered against Ray for an amount in excess of his policy limits. If Nationwide is an active party to setting aside that judgment and the next judgment exceeds the first one, does not Ray have a cause of action against Nationwide for increasing his liability? Had Nationwide been advised of the judgment before it became final, it might have had a duty to agree to set the judgment aside if, in doing so, it could have reduced its insured's liability to within his policy limits. But here Appellant intentionally decided to let the judgment become final before notifying the carrier, and never

agreed to reduce her claim to an amount within the policy limits so as to eliminate any prejudice to the insured, and thus the insurer as well. We conclude that the Appellee, Nationwide, has waived no rights in this case and equity should not undo that which a party has intentionally and conscientiously done for itself. Point of Error No. 4 is overruled.

There is one further reason why the Appellant cannot recover in this case. If the bill of review had been granted, the trial Court nevertheless found in its last finding of fact as follows:

"The Court does not find from a preponderance of the evidence that Thomas Henry Ray was negligent in the operation of his vehicle on March 25, 1976."

There is no attack on that finding. Without an affirmative finding of negligence upon the part of Mr. Ray, the Appellant would not recover any judgment on a new trial.

The judgment of the trial Court is affirmed.