CITY OF BEAUMONT, Appellant,

v.

Frank FUENTEZ et al., Appellees.

No. 8232.

Court of Civil Appeals of Texas,
Beaumont.

May 10, 1979.

Dale Dowell, Ken E. Wall, Jr., Beaumont, for appellant.

Walter Umphrey, Port Arthur, for appellees.

KEITH, Justice.

Our prior opinion is withdrawn and this opinion is substituted in lieu thereof.

City of Beaumont, one of defendants below, appeals from an adverse judgment entered in a jury trial of a personal injury suit resulting from a two-car collision.

Frank Fuentez was driving his automobile in a northerly direction on Kenneth Street in Beaumont, Texas, with his wife and two children as passengers in his car. Patty Malin Wiggins was driving her car in a westerly direction on Lavaca Street. At the intersection of Kenneth and Lavaca, the two vehicles collided, neither driver having stopped before entering the intersection.

Ordinarily a stop sign was located at the intersection of Lavaca and Kenneth stopping the traffic on Lavaca, but it had been uprooted from the ground some time prior to the accident. Frank Fuentez, his wife, and two minor children filed suit against Patty Malin Wiggins, City, C & S Truck Lines, Inc., and E. R. DuPuis. The litigation centered upon allegations relating to the downed stop sign. C & S and DuPuis had contracted with City to perform certain street improvement work in the area where the collision occurred, thus their involvement. All defendants filed cross actions against each other for contribution and indemnity. Judgment was entered in favor of plaintiffs against City only. The Fuentez children recovered nothing and City was denied relief upon its cross actions. City has perfected its appeal from this judgment.

In its fourth point of error, City complains that the trial court erred in overruling its motion for judgment non obstante veredicto because there is no evidence that plaintiffs complied with the notice of claim provision in the City Charter of Beaumont. The contention appears to have merit.

It is an established rule in Texas that compliance with a notice of claim provision in a city charter is mandatory and a condition precedent to the maintenance of a suit against a city. *Roberts v. Haltom City*, 543 S.W.2d 75, 77 (Tex.1976); *City of Terrell v. Howard*, 130 Tex. 459, 111 S.W.2d 692, 693 (1938); *Bowling v. City of Port Arthur*, 522 S.W.2d 270, 272 (Tex.Civ.App. —Beaumont 1975, writ ref'd n. r. e.); *Brantley v. City of Dallas*, 498 S.W.2d 452, 453 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.), cert. denied, 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974); *Dias v. City of San Antonio*, 488 S.W.2d 522, 523 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

Allegation and proof of the giving of such notice is a condition precedent to a plaintiff's cause of action; failure to so allege and prove compliance is fatal to a plaintiff's recovery. *City of Houston v. Flanagan*, 446 S.W.2d 348, 349 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.); *Washington v. A & A Construction Co.*, 316 S.W.2d 808, 813 (Tex.Civ.App.— Amarillo 1958, writ ref'd n. r. e.); *Wones v. City of Houston*, 281 S.W.2d 133, 134 (Tex. Civ.App.—Galveston 1955, no writ); *City of Beaumont v. Baker*, 95 S.W.2d 1365, 1367 (Tex.Civ.App.—Beaumont 1936, writ dism'd). See generally Annot., "Public Body—Notice of Claim—Pleading," *83 A.L. R.2d 1178, 1193 (1962)*, where many other Texas cases are cited. See also *18 McQuillin, Municipal Corporations § 53.155, at 554 (3d Ed. Rev. 1977);* and Annot., "Notice of Tort Claims Against Municipality," *59 A.L. R.3d 93 (1974)*.

Section 21 of the Charter of the City of Beaumont [1] is very explicit: notice shall be

---

1. Section 21 of the Charter reads:

"Before the City of Beaumont shall be liable for personal injuries of any kind, the person injured or someone in his behalf *shall give the City Council notice in writing of such injury within sixty (60) days after the same has been sustained,* stating specifically in such notice when, where and how the injury occurred and the extent thereof, and

the names and addresses of any person or persons, if any witnessing the same, if such names and addresses can be ascertained by reasonable diligence. No officer or employee of the City shall have authority to waive any of the provisions of this section as to notice, but same may be waived only by a resolution of the City Council, made and passed before the expiration of the period herein provided,

given to the City Council in writing within sixty days after injury has been sustained and the provision may not be waived except by resolution. Notwithstanding the specificity of the charter provision, plaintiffs did not allege nor did they offer proof of compliance with the charter provision.

Our case is different from that before the court in *City of Houston v. Riggins*, 568 S.W.2d 188, 194–195 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.). In *Riggins*, the plaintiffs pleaded very generally "that all conditions precedent to the institution of the suit had been met and that notice of the claim had been given" and there was no verified denial by City as required by *Tex. R.Civ.P. 93(m)*. Under these circumstances, it was held that it was not error to deny leave to file a trial amendment setting up lack of notice.

■ Here, our plaintiffs, not having pleaded compliance with the charter, even generally, did not invoke the requirement of defensive pleadings under *Rule 93(m)* as mentioned in *Riggins.*

In the posture in which this contention is presented, and under the foregoing authorities, we would ordinarily enter judgment for City. *LeMaster v. Fort Worth Transit Co.*, 138 Tex. 512, 160 S.W.2d 224, 227 (1942); *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex.1966). But, the first mention made by City of the contention now under discussion was in its motion for judgment non obstante veredicto. It did not level exceptions to plaintiffs' pleadings because of the complete failure to allege compliance with the charter provision; it did not even plead the charter provision in bar to a recovery; and, neither party even made mention of the notice provision during the trial.

Granted that plaintiff should have, under the authorities, plead compliance, we do not believe in trial by ambush and do not ap-

prove of a party reserving for use on appeal a point which should have been brought to the forefront in pre-trial proceedings. If in truth and in fact plaintiffs had not complied with the notice provision, a speedy and inexpensive disposition of the case could have been made on special exceptions or on motion for summary judgment. See, e. g., *Bowling v. City of Port Arthur*, 522 S.W.2d 270 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

Conversely, had plaintiffs given the proper and timely notice but simply failed to plead and prove such fact—under the circumstances shown by our record *in this case* —it would be unfair to deny them their day in court where they seek the damages found by the jury. To adopt that course would be to put form above substance.

We have discussed the charter provision under the rationale of *Tex.Rev.Civ.Stat. Ann. arts. 1173 and 1174 (1963)*, and authorities construing such statutes, two of which are noted in the margin.[2] Plaintiffs assert that we may not take judicial notice of the charter, notwithstanding the statutes and the cases noted, until it has been established that the charter was recorded as required by law. Plaintiffs' authorities are noted in the margin.[3]

We do not find it necessary to choose between the two lines of authority nor do we attempt to resolve the conflict, if there is one between the cited cases. As shown in our subsequent discussion of City's seventh point of error, we do not review an errorless judgment. A reversal being ordered because of the other error, we do not order a rendition on the charter notice provision. Instead, in the interest of justice, we remand the cause for a new trial upon appropriate pleadings. See and compare *Scott v. Liebman*, supra (404 S.W.2d at 294).

---

and evidenced by the minutes of the City Council." (emphasis added)

**2.** In addition to the cited statutes, City relies upon these cases, among others: *Greenway Parks Owners Association v. City of Dallas*, 159 Tex. 46, 316 S.W.2d 74, on rehearing (1958); *Hallman v. City of Pampa*, 147 S.W.2d

543, 546 (Tex.Civ.App.—Amarillo 1941, writ ref'd).

**3.** Plaintiffs rely upon: *Bryce v. Corpus Christi Area Convention and Travel Bureau*, 569 S.W.2d 496, 501 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), which includes the other two cases cited by plaintiffs.

Plaintiffs argue that the Texas Tort Claims Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 16 (Supp. 1978–1979)*, applies to this case, citing *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.), in support of their position. We disagree.

■ The maintenance of streets is a proprietary function, and negligence in the performance of this function renders a city liable for any resulting injuries. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753, 755 (1960); *Cone v. City of Lubbock*, 431 S.W.2d 639, 644 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Voigt v. City of Corpus Christi*, 419 S.W.2d 445, 447 (Tex. Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). The Texas Tort Claims Act does not apply to a proprietary function of a municipality. *City of Houston v. Bush*, 566 S.W.2d 33, 34 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.); *Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 18(a) (1970)*.

The jury found in Special Issue No. 25 that the Fuentez accident arose from the construction or the operations to be performed under the contract between City, C & S, and DuPuis. Neither party contested this finding. Because the Fuentez accident arose out of the City's performance of a proprietary function, *i. e.*, the maintenance of streets, we find that the Texas Tort Claims Act is inapplicable.

City complains in its seventh point of error that the trial court erred in submitting the instruction following Special Issue No. 8 [4] because it was a comment on the weight of the evidence. The instruction assumes that plaintiff Frank Fuentez was familiar with the intersection in question and knew that a stop sign was on the northeast corner of the intersection. City

argues that this assumption was an issue that should have been submitted to a jury. Plaintiffs contend that the court's instruction was, under the circumstances, proper and at most constituted only an incidental comment on the weight of the evidence. We agree with City.

*Tex.R.Civ.P. 277* provides in pertinent part:

"In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to the objection that it is a general charge.

\* \* \* \* \* \*

"The court shall not in its charge comment directly on the·weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers where it is properly a part of an explanatory instruction or definition."

See generally Pope & Lowerre, "Revised Rule 277—A Better Special Verdict System for Texas," *27 SW.L.J. 577, 588–589 (1973)*.

■ It was improper for the trial court to instruct the jury as to what an ordinary prudent person would do if he knew there was a stop sign on an adjacent corner and then instruct the jury to assume Frank Fuentez knew the stop sign was there. This instruction left no fact issue for the jury to determine as to whether Fuentez was negligent in his approach to the intersection. For a list of cases with assump-

---

4. Special Issue No. 8 inquired as to whether Frank Fuentez was negligent and instructed the jury as follows:

"In evaluating the conduct of Frank Fuentez *who was familiar with the intersection in question and who knew that a stop sign was on the northeast corner of the intersection for traffic travelling west on Lavaca*, you are instructed that the driver of an automobile approaching an intersection has the right to assume that the driver of another automobile also approaching an intersection will stop in obedience to a stop sign, and the failure of Frank Fuentez to yield the right of way, decrease his speed, apply his brakes, turn to the left, or sound his horn does not constitute negligence until the other automobile is in such a perilous position that Frank Fuentez, in the exercise of ordinary care, would know and appreciate that the automobile was not going to stop." (emphasis added)

tions in their special issues, see *G. Hodges, Special Issue Submission in Texas § 7, at 20 n.72 (1959).*

 It is an established rule in Texas that drivers with the right of way are not required to anticipate negligent conduct, but they cannot close their eyes to that which is plainly visible and could have been observed by a person of ordinary prudence similarly situated. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 275 (1958); *Central Freight Lines, Inc. v. Bergeron,* 470 S.W.2d 117, 122 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.), and cases therein cited. A driver with the right of way is not excused from exercising ordinary care for his own safety. *Lynch v. Ricketts,* supra.

We now adapt this rule to the present situation. The special issue before us does not inquire as to whether an ordinary prudent person could have noted the downed sign or noticed that Patty Wiggins was not going to stop at the intersection before she was in a perilous position.

Moreover, we note that Fuentez' knowledge of the existence of the stop sign rested upon his own testimony—that of an interested party—and did no more than raise a fact issue for determination by the jury. *Gevinson v. Manhattan Construction Co.,* 449 S.W.2d 458, 467 (Tex.1969); *Taylor v. Bair,* 414 F.2d 815, 818 (5th Cir. 1969), discussing Texas authorities; *Bates v. Barclay,* 484 S.W.2d 955, 959 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

The instruction assumed, as a fact, Fuentez' knowledge and that he could not have observed its absence nor noticed Wiggins' failure to stop until she was in a perilous position. The instruction constituted an impermissible comment on the weight of the evidence. And, after considering the record as a whole, we find that such a charge, going as it did to the very heart of the cause, constituted reversible error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED and REMANDED.