Virginia TREVINO, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 05–81–01347–CV.

Court of Appeals of Texas, Dallas.

Jan. 25, 1983.

On Motion for Rehearing April 8, 1983.

Rehearing Denied May 11, 1983.

**10**

Robert E. Barfield, Amarillo, for appellant.

Arlen D. Bynum, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and STEPHENS, JJ.

GUITTARD, Chief Justice.

Virginia Trevino brought this suit as a third-party beneficiary on a policy of homeowner's liability insurance issued by Allstate Insurance Company to Patrick Henry. She alleges that she was injured by the negligent horseplay of the insured Henry and that Henry's liability to her has been established by the allowance of her claim in the bankruptcy court. The present trial was before the trial court on an agreed statement of facts. The court rendered judgment for Allstate, and Trevino contends on this appeal that the agreed evidence shows as a matter of law that the insured had become "legally obligated to pay" the amount sued for as damages because of "bodily injury" within the terms of the policy. Allstate contends that all conditions precedent to recovery on the policy had not been performed and that as a matter of law the insured had not become "legally obligated to pay" the amount sued for as damages within the terms of the policy. We agree that Trevino has failed to plead and to prove that all conditions precedent to recovery had occurred or had been performed. Consequently, we affirm.

According to the agreed evidence, Trevino was injured on or about April 20, 1976, as a result of an act of horseplay on the part of the insured Henry, who had a policy of homeowner's insurance issued by Allstate. Trevino gave notice to Allstate of her intention to file a suit against Henry, and she did file in the District Court of Randall County a suit alleging that her injury was proximately caused by Henry's negligence. Henry did not "tender the defense" of the suit to Allstate, and Allstate did not participate in defending it. Before the Randall County suit could be tried, Henry filed a petition for voluntary bankruptcy. Trevino filed in the bankruptcy proceeding a proof of claim alleging that further prosecution of the Randall County suit had been stayed on account of the bankruptcy and that Henry was liable to her as alleged in the petition in the Randall County suit, a copy of which was attached. The bankruptcy judge signed an order allowing this claim in the amount of $10,000, reciting that the bankrupt, though properly notified of the hearing, did not appear and that no other parties at interest had filed or

expressed any objection to the allowance of the claim. The order further recites that after hearing evidence and argument of counsel, the court finds that claimant Trevino had been damaged and injured by the bankrupt Henry in the amount of $10,000.

The agreed evidence in the present suit shows that Allstate had no notice of the filing of the petition in bankruptcy or of Trevino's action in the bankruptcy court and was not a party to that action. The suit in Randall County was never tried, but was dismissed for want of prosecution after the bankruptcy petition was filed.

On appeal, Allstate contends that all conditions precedent to recovery on the policy had not been performed. Specifically, Allstate complains that the insured Henry failed to forward suit papers to Allstate as required by the policy.

Trevino did not plead specifically that suit papers had been forwarded, nor did she plead generally that all conditions precedent to recovery had occurred or been performed, as authorized by rule 54 of the Texas Rules of Civil Procedure. Tex.R. Civ.P. 54. Allstate answered with a general denial. The only evidence in the record relative to this issue is the stipulation that Henry did not "tender the defense" of the Randall County suit to Allstate.

■ The relevant portion of the policy states that "the Insured shall, if claim is made or suit is brought against the Insured, forward to the Company every demand, notice, summons or other process received by him . . . ." The policy further provides, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with . . . ." A similar policy provision requiring the forwarding of suit papers has been held to establish a condition precedent to recovery on the policy.[1] *Weaver v. Hartford Accident & Indemnity Co.,* 570 S.W.2d 367, 369 (Tex.1978); *Members Mutual Ins. Co. v. Cutaia,* 476 S.W.2d 278, 278–79 (Tex.1972).

■ A condition precedent to the right to maintain an action must be performed and "the fact of performance or excuse of nonperformance must be alleged and proved in order to warrant a recovery." *Southwestern Associated Telephone Co. v. City of Dalhart,* 254 S.W.2d 819, 825 (Tex. Civ.App.—Amarillo 1952, writ ref'd n.r.e.). When a plaintiff avers generally that all conditions precedent have been performed, he is required to prove the performance of only those conditions precedent specifically denied by the defendant. The effect of this rule is to shift the burden of pleading to the defendant, but not the burden of proof, when the plaintiff has made a general allegation that all conditions precedent have been performed.

■ Trevino makes no specific allegations that the insured forwarded the suit papers as required by the policy, nor does she make a general allegation that all conditions precedent have been performed. In the absence of any pleading by Trevino of the performance of all conditions precedent, rule 54 did not cast on Allstate the burden to specifically plead the failure to perform any condition precedent. The burden to both plead and prove the performance of conditions precedent remained with Trevino.

1. Although Allstate argues that the record affirmatively shows harm from the insured's failure to forward suit papers, we conclude that the question of harm does not arise in this case. Before May 1, 1976, the insurer did not have to show that it was harmed by the insured's failure to forward suit papers; the fact that suit papers were not forwarded was sufficient. *Members Mutual Ins. Co. v. Cutaia,* 476 S.W.2d 278, 280 (Tex.1972). By an "amendatory endorsement" effective May 1, 1976, applicable to all general liability policies issued in Texas, the State Board of Insurance has required that the insurer be prejudiced by the insured's failure to forward suit papers before such a failure will bar liability under the policy. The claimant in this case was injured on or about April 20, 1976, and the policy covering the incident was issued before that date. The law in effect at the date of issuance of the policy controls. *Shelton v. Ray,* 570 S.W.2d 419, 420 (Tex.Civ. App.—El Paso 1978, no writ); *Lee v. Universal Life Ins. Co.,* 420 S.W.2d 222, 226 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n.r. e.).

We recognize that since Allstate made no objection to Trevino's pleadings before the judgment was signed, it waived any objection to Trevino's pleadings. Tex. R.Civ.P. 90. Nevertheless, waiver of pleading of a fact essential to the cause of action does not constitute waiver of proof of that fact. *See Northrup v. O'Brien,* 474 S.W.2d 614, 617 (Tex.Civ.App.—Dallas 1971, no writ); *Great Southwest Life Insurance Co. v. Camp,* 464 S.W.2d 702, 704 (Tex.Civ.App. —Fort Worth 1971, no writ); *Gottschalk v. Gottschalk,* 212 S.W.2d 223, 225 (Tex.Civ. App.—Austin 1948, no writ). Therefore, we must examine the record to determine whether the trial court correctly held that Trevino had failed to meet her burden of proof.

Our examination of the record reveals that the only evidence which might be relevant to this issue is the stipulation that the insured did not "tender the defense" of the Randall County suit to Allstate. This does not constitute affirmative evidence that suit papers were forwarded to Allstate and, in fact, could be interpreted to be an admission by Trevino that suit papers were not forwarded. Under this record, Trevino has not met her burden of proof on an essential element of her cause of action and the presumption contained in rule 54 is inoperative to relieve Trevino of this burden. Consequently, the trial court correctly rendered judgment for Allstate.

Affirmed.

### ON MOTION FOR REHEARING

In her motion for rehearing, Trevino contends that Allstate cannot rely on the policy provisions requiring the insured to forward suit papers because this provision was not put in issue in the trial court. She insists that she had no burden to show compliance with this provision unless it was put in issue by Allstate. Her argument is based on two provisions of Rule 94 of the Texas Rules of Civil Procedure, (1) the requirement that a responsive pleading allege affirmatively any "matter constituting an avoidance or affirmative defense" and, (2) the provision that in a suit on an insurance contract, the insurer is not allowed to raise an issue that the loss is due to a risk or cause within any of the exceptions to the general liability specified in the contract unless the particular exception is alleged in a responsive pleading. We conclude that neither of these provisions is applicable.

### MATTERS OF AVOIDANCE OR AFFIRMATIVE DEFENSE

Whether a particular fact is a matter of avoidance or defense turns on the burden of proof. Normally the plaintiff has the burden to prove all facts essential to liability, including proof of performance of all conditions precedent. Nonperformance of a condition precedent may be considered a matter of "avoidance" or "defense" in the sense that it bars recovery even though the truth of the plaintiff's allegations may be established. *See Dairyland County Mutual Ins. Co. v. Roman,* 498 S.W.2d 154, 157 (Tex.1973). In this sense, of course, failure to establish one of several essential elements of any cause of action bars recovery even though all other elements may be established. The pertinent inquiry is whether compliance with a condition precedent is a matter that plaintiff must prove as an essential element of his case. The law is clear that performance of a condition precedent is an essential element of the plaintiff's case on which the plaintiff has the burden of proof unless he alleges performance of all conditions precedent and the defendant fails to deny specifically performance of the conditions, as required by rule 54. *Texas International Airlines v. Wits Air Freight,* 608 S.W.2d 828 (Tex.Civ.App.—Dallas 1980, no writ); *City of Galveston v. Shu,* 607 S.W.2d 942, 945 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Bunch Electric Co. v. Tex-Craft Builders, Inc.,* 480 S.W.2d 42, 47 (Tex.Civ. App.—Tyler 1972, no writ); *see Dairyland County Mutual Ins. Co. v. Roman,* 498 S.W.2d 154, 157 (Tex.1973) ("defense" of failure to give notice of accident was not available to company because the insured pleaded generally that all conditions precedent had been performed and the insurer

failed to deny specifically). Under these authorities, having made no such general allegation, Trevino cannot claim the benefit of the presumption provided by rule 54. Consequently the forwarding of suit papers is not a matter of avoidance or affirmative defense, but a fact she must prove as an essential element of her case.

### Exception to General Coverage

Neither is Trevino relieved of her burden of pleading and proving compliance with the condition precedent by the provision of rule 94 excusing the claimant in a suit on an insurance contract from negating exceptions to liability in the absence of a defensive pleading of a particular exception. The text of this provision is as follows:

> Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.

Because of this requirement, even though the burden of proof is on the claimant to negate policy exceptions, that proof is waived by the company's failure to plead the exception it relies on to defeat recovery. *T.I.M.E., Inc. v. Maryland Casualty Co.*, 157 Tex. 21, 300 S.W.2d 68, 73 (Tex.1957). This provision is not applicable here, however, because the policy requirement of forwarding suit papers does not concern a "risk or cause coming within a particular exception to the general liability." This policy requirement is applicable, whatever risk or cause may have resulted in the loss. It is a condition precedent to recovery on the policy rather than an exception relieving the company from liability for losses caused by particular hazards that would otherwise fall within the general hazard insured against. Consequently, no burden is cast on the insurer to plead specifically unless the claimant alleges compliance with this requirement or pleads generally the performance of all conditions precedent, as allowed by rule 54.

This conclusion is supported by decisions holding that the insurer's burden to plead exceptions under this provision of rule 94 does not extend to matters affecting the insurer's general obligation, on which the claimant has the burden of proof. *Bethea v. National Casualty Co.*, 307 S.W.2d 323, 325 (Tex.Civ.App.—Beaumont 1957, writ ref'd); *Preferred Life Insurance Co. v. Stephenville Hospital*, 256 S.W.2d 1006, 1010 (Tex.Civ.App.—Eastland 1953, no writ). Analogous authority may be found in decisions holding that rule 93(m), requiring a sworn plea of failure to give notice of a claim, does not apply to noncompliance with a policy requirement that the insured give prompt notice of any accident alleged to be within coverage of the policy. *National Surety Corp. v. Diggs*, 272 S.W.2d 604, 612 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.); *Lone Star Finance Co. v. Universal Automobile Ins. Co.*, 28 S.W.2d 573, 575 (Tex.Civ.App.—Galveston 1930, no writ) (construing earlier statute); *cf. City of Beaumont v. Fuentez*, 582 S.W.2d 221, 223 (Tex.Civ.App.—Beaumont 1979, no writ) (claimant who did not plead compliance with charter requirement of notice did not invoke pleading requirement of rule 93(m)).

Motion for rehearing overruled.