# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2010

Lyle W. Cayce
Clerk

No. 09-20859
Summary Calendar

FEDERATED LIFE INSURANCE COMPANY,

Plaintiff - Appellant

v.

YAHYA JAMAL JAFREH, also known as John Jafreh, Individually and
as Executor of the Estate of Zakareya Jamal Mufleh Aljaafreh;
SHIRLEY LYNN HOWARD ALJAAFREH, Individually,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3987

Before HIGGINBOTHAM, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A life insurance company filed a declaratory judgment action contesting coverage. The court found coverage and awarded statutory penalties and fees pursuant to a state Prompt Payment Statute. We AFFIRM.

FACTS

Zakareya Aljaafreh applied for life insurance with Federated Life Insurance Company on January 23, 2001. As part of the application process,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20859

Aljaafreh participated in a phone interview during which he provided medical and physical health history. He later certified his responses and their accuracy in writing. After this verification, Federated issued a life insurance policy for $700,000. In July 2007, Aljaafreh died in the Kingdom of Jordan. The next day, Federated was notified of Aljaafreh's death.

In August 2007, Yahya Jamal Jafreh, the sole beneficiary under the policy, sent Federated a claim form, death certificate, a copy of Aljaafreh's will, and a "Notifying Death Fact" report prepared in the Kingdom of Jordan. Federated also received two letters with conflicting information about Aljaafreh's death. Federated investigated and learned that Aljaafreh was treated for symptoms related to a motor neuron disease and that his death was the result of what is commonly known as "Lou Gehrig's disease."

On November 26, 2007, Federated filed a declaratory judgment action in the United States District Court for the Southern District of Texas. It claimed that "Zakareya's intentional concealment and/or failure to disclose material facts regarding his medical condition and/or treatment history renders the Policy void ab initio or, in the alternative, that Federated has the right to rescind the Policy." Jafreh filed a motion to dismiss or for summary judgment.

Shortly after this initial filing, Jafreh filed a "First Original Counterclaim." He claimed that Federated breached the policy, violated the Texas Unfair Claim Settlement Practice Act, and violated Sections 542.056, 542.058, and 542.060 of the Texas Insurance Code. He sought payment of the benefits under the policy, statutory interest, attorney's fees, and costs.

The district court dismissed Jafreh's breach of contract and bad faith claims. It held that because Jafreh was not the personal representative or executor of the estate, he did not have capacity to bring those claims. Jafreh was later awarded the $700,000 death benefit under the life insurance policy, 18 percent statutory interest from October 26, 2007 until the date judgment was

No. 09-20859

entered, 5 percent per annum in simple interest, .36 percent per annum in post judgment interest, attorney's fees in the amount of $17,762.50, and all costs in the amount of $2,226.93.  This appeal followed.

## DISCUSSION

We review a district court's grant of both a motion to dismiss and a motion for summary judgment *de novo.*  *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).  "In the former, the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief . . . .  In the latter, we go beyond the pleadings to determine whether there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citations omitted).

Under Texas law, an insurer who has received all items necessary to investigate a claim and fails to pay before the end of the time specified in the particular statute or, if none is specified, for sixty days, must pay damages. *See* Tex. Ins. Code § 542.060(a).  Federated did not meet this requirement but argues that Jafreh lost the right to damages once his counterclaim for breach of contract was dismissed.  He allegedly needed an independent cause of action to support the penalties.   We examine the statute in order to analyze this argument:

> (a) If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.
>
> (b) If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

Tex. Ins. Code § 542.060.  A claim means a "first-party claim that . . . is made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract."  *Id.* § 542.051(2)(A).

3

According to Federated, "this contingent penalty exists as part and parcel of a claim for breach of contract and springs from the carrier's ultimate liability under the policy." Federated failed to raise this argument before the district court. It is too late to make such an argument for the first time on appeal, absent extraordinary circumstances. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). We note, though, that the statutory language seems to require just a "breach" of the statutory obligation, regardless of whether there is a cause of action for breach of the policy.

Additionally, Federated maintains that it should be allowed to contest the life insurance policy based on fraud and misrepresentation pursuant to Section 705.104 of the Texas Insurance Code. That section allows the insurer to contest a life insurance policy two years after its date of issue provided the insurer shows the misrepresentation was material and intentionally made. Tex. Ins. Code § 705.104. This section was not effective until April 1, 2005. It is the law in existence at the time of the issuance of the policy that applies. *Lee v. Universal Life Ins.*, 420 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1967).

When the present policy was issued on March 27, 2001, the relevant statute provided that policies were incontestable after two years except for the non-payment of premiums. Tex. Ins. Code Ann. art. 3.44. The policy itself also contained a two-year incontestability clause.

The life insurance policy was incontestable after two years except for a non-payment of premiums claim. *See id.* There is no dispute that the premiums were paid. Federated's argument fails.

AFFIRMED.